UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

'09 CIV 6267 GBD

"ECF CASE"

------------------------------------------------------- X

LEONARD A. FARBER, M.D.,

                Plaintiff,         No. _____

    -against-

DANA-FARBER CANCER
INSTITUTE, INC.,

                Defendant.

------------------------------------------------------- X

JUDGE DANIELS

RECEIVED
JUL 13 2009
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

Plaintiff, Leonard A. Farber, M.D. (hereinafter, "Dr. Farber"), by and through his attorneys, Westerman Ball Ederer Miller & Sharfstein, LLP, as and for his Complaint against Dana-Farber Cancer Institute, Inc. (hereinafter, "Dana-Farber"), alleges as follows:

### INTRODUCTION

1.     This is an action for a declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202.

2.     Plaintiff Dr. Farber is Chairman of Staten Island University Hospital, licensed by the American Board of Radiology and a Diplomate of the National Board of Medical Examiners. Dr. Farber has authored many medical journal articles, has lectured extensively and is the recipient of multiple awards and grants. He is a renowned New York radiation oncologist.

3.     Dr. Farber practiced radiation oncology with one of the largest private groups in the New York metropolitan area for over ten years. He served as its clinical director of radiation oncology in his final two years there.

4.      After many years of group practice, Dr. Farber decided that in order to realize his vision of a kinder care for the cancer patients he treats, he must establish his own treatment center.  For this purpose he created Leonard A. Farber MD, PLLC, which does business under the name 'The Farber Center for Radiation Oncology.'

5.      Dr. Farber has applied to register the service mark THE FARBER CENTER FOR RADIATION ONCOLOGY and its related design elements with the United States Patent and Trademark Office (the "PTO").

6.      The Farber Center for Radiation Oncology will stand apart from all other radiation treatment facilities because, among other things, patients will be treated in a tranquil environment designed to make the patient feel as if he/she were visiting a spa instead of a clinic. As its logo states, The Farber Center for Radiation Oncology treats the whole person, not just the disease.

7.      Dr. Farber feels confident that his reputation in New York medical circles and amongst oncology patients, as well as the unique character of his treatment center, ensure its success.

8.      It is this positive and familiar association with his name that was the key factor in Dr. Farber's decision to name his facility "The Farber Center for Radiation Oncology".

9.      The Farber Center for Radiation Oncology is planned to open in lower Manhattan in or about the Fall of 2009.

10.     Dr. Farber has been using the name and mark The Farber Center for Radiation Oncology openly and publically in many ways including on its website and in published advertising announcing the Center's opening this fall.

2

11.     Defendant Dana-Farber Cancer Institute, a Boston, Massachusetts cancer research and treatment facility and owner of the federally-registered mark DANA-FARBER CANCER INSTITUTE, recently contacted Dr. Farber to demand that he cease and desist all use of his mark and any use of his 'Farber' surname as part of a service mark or domain name.

12.     Indeed, defendant has threatened to impede and oppose any use whatsoever of the "Farber" name with respect to any cancer care or research facility anywhere in the United States.

13.     Defendant insists that Dr. Farber may not continue using his mark or the Farber surname in connection with his radiation oncology facility.

14.     Dana-Farber has also indicated its intention to seek to shut down the use of Dr. Farber's website domain name, 'thefarbercenter.com.'

15.     Accordingly, Dr. Farber requires the Court's assistance to stop, enjoin and prevent defendant's interference with Dr. Farber's use of his personal surname and mark in connection with his New York medical practice and, as such, seeks a declaration that his use of the 'Farber' surname in his service mark 'THE FARBER CENTER FOR RADIATION ONCOLOGY in New York does not constitute infringement of the Dana-Farber service mark under the Lanham Act or common law.

## PARTIES

16.     Plaintiff Leonard A. Farber is a licensed medical doctor practicing medicine in the State of New York and residing in the City and County of New York.

17.     Upon information and belief, defendant Dana-Farber Cancer Institute is a Massachusetts not-for-profit corporation with its principal place of business located at 44 Binney Street, Boston, Massachusetts 02115.

## JURISDICTION AND VENUE

18.     The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338 in that this Complaint raises federal questions concerning issues involving a registered trademark and arising under the Lanham Act, 15 U.S.C. § 1125 *et seq.*

19.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events giving rise to the claim herein occurred in this district.

20.     The Court has personal jurisdiction over the defendant pursuant to New York's long arm statute, Civil Practice Law and Rule §302.

## FACTS

21.     Dr. Leonard Farber is a radiation oncologist.  He has practiced medicine in this field in the State of New York since 1998.

22.     Dr. Farber has published numerous articles on radiation oncology and is known and respected in his field, particularly in New York.

23.     For years, Dr. Farber provided care and radiation treatment to scores of men and women afflicted with cancer.  Seeking to create a healing and warm environment for the patients he treats, Dr. Farber established The Farber Center for Radiation Oncology.

24.     Dr. Farber chose this name for his facility in good faith, primarily due to the goodwill associated with his name by patients and practitioners in the greater New York metropolitan medical community.

25.     Patients treated at The Farber Center for Radiation Oncology will receive the highest quality medical care, while being pampered prior to, during and after their treatments.

The goal being that the treatment experience will be more soothing and less frightening or uncomfortable for patients.

26.    On February 24, 2009, Dr. Farber filed an intent-to-use application to register the service mark THE FARBER CENTER FOR RADIATION ONCOLOGY with the PTO (Serial No. 77676733) and an intent-to-use application to register the design elements of the service mark THE FARBER CENTER FOR RADIATION ONCOLOGY with the PTO (Serial No. 77676754).  The logo consists of a lotus flower, a symbol that represents the struggle for life. True and correct copies of the applications to register The Farber Center for Radiation Oncology service marks with the PTO are annexed hereto as Exhibit A.

27.    Dr. Farber's applications to register the marks provide that the services to which the marks will be applied are "medical services, namely, radiation medicine and the prevention, diagnosis and treatment of cancer and related conditions" and "radiation oncology services."

28.    Dr. Farber began using both of his service marks in commerce in the spring of 2009 in print advertising, on The Farber Center for Radiation Oncology website and on other promotional materials.

29.    For example, the June 15-22, 2009 "Best Doctors" issue of New York Magazine, a publication that boasts 1.8 million readers weekly[1], featured a print advertisement publicizing the opening of The Farber Center For Radiation Oncology in the fall of 2009.

30.    On November 18, 2007, Dr. Farber registered the domain name "thefarbercenter.com" with Network Solutions.  After extensive web design and other preparation, the website was up and running on or about May of 2009.

---

[1] This data is taken from the New York Magazine website.

31.    In addition, Dr. Farber has ordered extensive supplies for the center that bear the mark including, patient robes and peds, bags, umbrellas, candle holders, journals, brochures, business cards and pens.

32.    Dr. Farber also hired a public relations company and developed a detailed media plan for extensive advertising to be rolled out over the period leading up to the opening of The Farber Center for Radiation Oncology later this year.

33.    Dr. Farber invested significant sums in the design of his mark, the accoutrements for his center, public relations and in website design.

34.    On June 17, 2009, Dr. Farber was contacted via email by defendant Dana-Farber Cancer Institute and advised that Dana-Farber wished to discuss Dr. Farber's trademark applications and his registration and use of his website domain name.

35.    Upon information and belief, Defendant Dana-Farber is the owner of the service mark DANA-FARBER CANCER INSTITUTE.  Upon information and belief, this mark was registered with the PTO on July 29, 2003, Registration No. 2741244.  Upon information and belief, a true and correct copy of the Dana-Farber Cancer Institute mark, taken from its website, is annexed hereto as Exhibit B.

36.    The Certificate of Registration for the Dana-Farber mark indicates that it was first used in commerce on January 19, 1983 and is applied to the following services:  medical research and services in the field of prevention, diagnosis and treatment of cancer and aids.

37.    In a subsequent telephone discussion on or about June 24, 2009 between defendant and plaintiff's counsel, defendant maintained that use of the name "Farber" was wholly precluded by its federal registration of the DANA-FARBER CANCER INSTITUTE mark.

38.    In this June 24, 2009 telephone discussion, counsel for Dr. Farber made clear that Dr. Farber did not adopt his mark in bad faith and had no intent to suggest any affiliation with defendant.

39.    Dr. Farber's counsel further offered to geographically restrict use of Dr. Farber's mark to New York or to consider modifying the mark in a manner that Dana-Farber found acceptable.

40.    Defendant's counsel advised that no mark containing the name 'Farber' would ever be acceptable to Dana-Farber and the offers were rejected.

41.    Nevertheless, as a measure of good faith and to demonstrate that he had no intent to falsely associate with defendant, Dr. Farber immediately added the following disclaimer to his website:  "The Farber Center for Radiation Oncology is not in any way affiliated with, sponsored by, endorsed by, or associated with the Dana-Farber Cancer Institute."

42.    On July 1, 2009, counsel for Dr. Farber received an email communication from Dana-Farber's counsel, indicating that Dana-Farber intends to thwart and impede all use of the 'Farber' name with respect to any aspect of cancer care or research facility anywhere in the U.S., and the use of the domain name thefarbercenter.com.

43.    Upon information and belief, Dana-Farber maintains a principal location in Boston, Massachusetts and has three satellite facilities.  Two of the satellite facilities are also located in Massachusetts and the third is located in New Hampshire.

44.    Upon information and belief, Defendant has no facilities in the greater New York metropolitan area, or even in New York State.

45.    Upon information and belief, none of the satellite facilities operated by Dana-Farber bear the 'Dana-Farber Cancer Institute' mark.  Rather, each facility name includes the

abbreviated 'Dana-Farber' coupled with another existing facility's name:    (1) Dana-Farber/Brigham and Women's Cancer Center at Faulkner Hospital (Boston, Massachusetts); (2) Dana-Farber/Brigham and Women's Cancer Center at Milford Regional Medical Center (Milford, Massachusetts); and (3) Dana-Farber/New Hampshire Oncology-Hematology (Londonderry, New Hampshire).

46.    Upon information and belief, the 'Dana-Farber Cancer Institute' mark is used only when referring to the Boston facility.

47.    Dr. Farber's mark, 'The Farber Center for Radiation Oncology,' is and will continue to be used only in New York.

48.    Apart from their shared use of the 'Farber' surname, the two marks bear no other similarities.

49.    A real and actual case or controversy exists concerning Dr. Farber's use of the surname 'Farber' in 'The Farber Center for Radiation Oncology' and in the domain name "thefarbercenter.com"

## CLAIM FOR RELIEF
### (Declaratory Judgment)

50.    Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

51.    This action is brought for declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202.

52.    An actual case or controversy exists between the parties that may be adjudicated by this Court consistent with Article III of the United States Constitution.

53.    Defendant has taken affirmative action against Dr. Farber regarding his use of 'The Farber Center for Radiation Oncology' as a service mark and his use of the domain name thefarbercenter.com and claims that the use of the mark and domain name infringe its federally-registered mark.

54.    Defendant has alleged that any use by Dr. Farber of the surname 'Farber' as part of a service mark constitutes trademark infringement of the DANA-FARBER CANCER INSTITUTE mark.

55.    Dr. Farber has no intent to cause confusion or to deceive the relevant market, *i.e.,* cancer patients and others within the medical community.

56.    There is no reasonable likelihood of confusion, mistake or error between Dr. Farber's mark and defendant's mark.

57.    Nevertheless, Dr. Farber has a real and reasonable apprehension that he will be named as a defendant in an infringement suit due to his use of his mark and/or that defendant will otherwise take action to interfere with the use of his trade name and interrupt his business.

58.    Dr. Farber's good faith adoption and use in commerce of the service mark and business name THE FARBER CENTER FOR RADIATION ONCOLOGY has brought him into adversarial conflict with defendant.

59.    Dr. Farber is entitled to bring this action to determine that his mark does not infringe defendant's mark due to the threat that that his continued use of the name 'THE FARBER CENTER FOR RADIATION ONCOLOGY' could subject him to liability.

60.    The circumstances of this case present a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

61.    Accordingly, a declaratory judgment is needed to clarify the legal relations between the parties herein and to afford plaintiff relief from the controversy over whether he may continue to use his marks in connection with his cancer treatment center.

62.    In addition, there is no uncertainty as to how Dr. Farber intends to use his mark and the Court is therefore able to conduct an infringement analysis.

**WHEREFORE,** Dr. Farber respectfully requests that the Court enter judgment as follows:

i.    declaring that Dr. Farber's past, present and continued use of his business name and service mark 'THE FARBER CENTER FOR RADIATION ONCOLOGY' does not constitute infringement of defendant's trademark DANA-FARBER CANCER INSITUTE;

ii.    declaring that Dr. Farber's past, present and continued good faith use of his own surname in connection with any business name does not constitute unfair competition or otherwise violate any of defendant's rights;

iii.    declaring that Dr. Farber's registration and ownership of the domain name 'thefarbercenter.com' is lawful and does not constitute an infringement of defendant's mark and does not violate any of defendant's other common law rights to trademarks or service marks that contain the surname 'Farber';

iv.    granting Dr. Farber his reasonable attorney's fees, costs, and disbursements; and

v.    granting such other and further relief as the Court deems just and proper.

Dated: Mineola, New York
      July 13, 2009

WESTERMAN BALL EDERER MILLER &
SHARFSTEIN, LLP

By:_____
    Philip J. Campisi, Jr. (PC0875)
    Laura A. Gitlen (LG3289)
    170 Old Country Road, Fourth Floor
    Mineola, NY 11501
    (516) 622-9200 (telephone)
    (516) 622-9212 (facsimile)
    *Attorneys for Plaintiff*

00214773