USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 0 6 MAY 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEONARD A. FARBER, M.D.,

    Plaintiff,

v.

DANA-FARBER CANCER INSTITUTE, INC.,

    Defendant.

Civil Action No. 09 Civ. 6267 (GBD)

## AMENDED STIPULATED PROTECTIVE ORDER

WHEREAS, the parties to this action having agreed, by their undersigned attorneys, to the entry of the following Stipulated Protective Order ("Protective Order")

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Any party or non-party may designate documents, things, or other information or evidence produced or provided in this case through discovery as "CONFIDENTIAL," which contain, include, constitute, refer, or relate to confidential, proprietary, or competitively sensitive customer information or other business information ("CONFIDENTIAL Materials").

2. Any such designated CONFIDENTIAL Materials shall be deemed "CONFIDENTIAL" and subject to the provisions of this Protective Order. Copies of CONFIDENTIAL Materials and any receiving party's summary, compilation, or expression in another medium of these CONFIDENTIAL Materials are protected under this Protective Order to the same extent as the original CONFIDENTIAL Materials. No party or non-party shall designate material as CONFIDENTIAL unless counsel for the producing party believes in good faith that the designated material is entitled to such protection.

3. Access to CONFIDENTIAL Materials, copies thereof, and the information they contain or reflect shall be strictly limited to the following persons:

(a) The attorneys of record in this action and the associates, paralegals, and other employees of their law firms who have reason to have access to the CONFIDENTIAL Materials by virtue of their involvement in this action;

(b) The in-house attorneys for the parties in this action and the paralegals and other employees of their legal departments who have reason to have access to the CONFIDENTIAL Materials by reason of their involvement in this action;

(c) Professional vendors that provide support services (e.g., photocopying; preparing exhibits or demonstrations, organizing, storing, or retrieving data in any form or medium, etc.), stenographic reporters, videographers or interpreters who have reason to have access to the CONFIDENTIAL Materials by reason of their involvement in this action;

(d) The Court and its personnel;

(e) Persons (other than the parties to this action) retained for the purpose of furnishing expert services or testimony or providing assistance in the preparation of the action, provided such persons execute an Acknowledgment to Be Bound By Protective Order, as set forth in Exhibit A, prior to reviewing such CONFIDENTIAL Materials;

(f) Potential witnesses or deponents who presently are or formerly were employed with the receiving party, but not including present or former independent contractors or outside consultants of the receiving party, and who are or were familiar with the content of the CONFIDENTIAL Materials to be

disclosed to them during their testimony or deposition, provided such witnesses or deponents execute an Acknowledgment to Be Bound By Protective Order, as set forth in Exhibit A, prior to reviewing such CONFIDENTIAL Materials;

(g) Persons who wrote, authored or received the document or gave the testimony designated as "CONFIDENTIAL," provided such persons execute an Acknowledgment to Be Bound By Protective Order, as set forth in Exhibit A, prior to reviewing such CONFIDENTIAL Materials;

(h) The above named parties in this action and any officer, director, employee or representative of the named parties to this action who counsel believes, in good faith, will provide assistance in the conduct of this action (and for no other purpose), provided such persons execute an Acknowledgment to Be Bound By Protective Order, as set forth in Exhibit A, prior to reviewing such CONFIDENTIAL Materials;

(i) Any other person agreed to in writing by the producing party, provided such person executes an Acknowledgment to Be Bound By Protective Order, as set forth in Exhibit A, prior to reviewing such CONFIDENTIAL Materials; and

(j) Any other person whom the Court directs shall have access to such CONFIDENTIAL Materials, subject to such conditions as imposed by the Court.

4. Before those applicable persons described in paragraphs 3(e), 3(f), 3(g), 3(h) and 3(i) above may be permitted access to any CONFIDENTIAL Materials, such person first shall have read this Protective Order and shall have executed an Acknowledgment to Be Bound By Protective Order, as set forth in Exhibit A. Counsel for the party disclosing CONFIDENTIAL

Materials to any such person shall be responsible for maintaining a list of all such persons and maintaining the original Acknowledgments signed by them.

5. The term "CONFIDENTIAL – ATTORNEY'S EYES ONLY" Material means CONFIDENTIAL Material, as defined in this Stipulated Protective Order, containing CONFIDENTIAL Material that the producing party believes in good faith is of a nature such that its disclosure would reveal highly sensitive and confidential information to the receiving party, or to a director, officer or employee thereof. Material designated as CONFIDENTIAL – ATTORNEY'S EYES ONLY shall be disclosed only to (a) outside counsel for the parties in this action, namely Gary Schoer, Esq. and Baker Botts L.L.P. on behalf of Plaintiff, and Ropes & Gray LLP on behalf of Defendant, and attorneys, clerical, paralegal and other staff employed by such counsel; (b) any independent experts or independent consultants who are assisting outside counsel in the prosecution or defense of this action, provided that each such expert or consultant first reads this Protective Order and signs an Acknowledgement to Be Bound By Protective Order, as set forth in Exhibit B; (c) the Court and its personnel; and (d) professional vendors of the types described in paragraph 3(c).

6. Whenever a party or non-party designates documents, things, or other information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY, such materials must be stamped or marked prior to their release to the receiving party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." The protocol for designating deposition testimony as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" is set forth in Paragraph 8 below.

7.   If documents, things, or other information containing or embodying CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY Materials are filed with the Court, they shall be filed under seal and prominently marked as follows:

> CONFIDENTIAL — FILED UNDER SEAL IN ACCORDANCE WITH A STIPULATED PROTECTIVE ORDER ENTERED ON [DATE], THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN THE PROTECTIVE ORDER

8. In the event that a question is asked or answer is provided at a deposition that calls for or results in the disclosure of CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY Materials, counsel for the party claiming such confidentiality may designate the question and answer (or series of questions and answers) as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," by making, at the deposition, a statement on the record so designating such portions, and shall direct the reporter to place such designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY Materials on separate transcript pages prominently marked with the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." Regardless of whether notice was given at the deposition, deposition transcripts shall be treated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" under Paragraph 5 of this Protective Order for ten (10) business days after delivery of the transcript to outside counsel for the parties. Counsel for the parties shall have ten (10) business days after receipt of the deposition transcript within which to inform the deposing party of the portions of the transcript (by specific page and line numbers) to be designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY. Subject to Paragraph 13 below, and unless designated at the time of the deposition or within the ten-day period, designation of confidentiality is waived unless otherwise stipulated or ordered. Any person

present at a deposition who has not signed an Acknowledgment to Be Bound By Protective Order, as set forth in Exhibit A, prior to the commencement of the deposition or is otherwise not authorized to receive or review CONFIDENTIAL Materials shall not be permitted to hear testimony designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY and shall be required to leave the deposition during such testimony.

9. Every person, firm, or organization receiving CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY Materials pursuant to this Protective Order (a) shall use the same solely for purposes of this action; (b) shall not use the same for any business, commercial, or competitive purpose; (c) shall not disclose the contents to anyone who is not subject to this Protective Order or who has not executed an Acknowledgment to Be Bound By Protective Order, as set forth in Exhibit A; and (d) agrees to be subject to the jurisdiction of this Court for the purpose of any proceeding relating to performance under, compliance with, or violation of this Protective Order. The United States District Court for the Southern District of New York shall retain jurisdiction to enforce this Protective Order even after termination of this action. This Protective Order, however, in no way operates to restrict the disclosure or use of any information which (a) was, is, or lawfully becomes publicly available other than through violations of this Protective Order; (b) was or is acquired by a party from a third party having the right to disclose such information to the recipient; or (c) was lawfully possessed by the receiving party prior to entry by the Court of this Protective Order.

10. Nothing in this Protective Order shall prejudice any party from seeking amendments to this Protective Order that broaden or restrict the rights of access to and use of CONFIDENTIAL Materials or CONFIDENTIAL – ATTORNEY'S EYES ONLY Materials.

11. Each party reserves the right to dispute the designation of CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY Materials by any other party in accordance with this Protective Order. The parties (and, if applicable, non-parties) shall first try to resolve any such dispute on an informal basis before presenting the dispute to the Court. Any party believing that any documents, things, or other information have been inappropriately designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY by another party shall inform counsel for the party making the designation as such, in writing. If the parties are unable to resolve the matter informally within ten (10) calendar days of such writing, the party objecting to the designation then may file an appropriate motion with the Court. Until and unless the Court may finally determine that such documents, things, or other information are not properly designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY, the same shall continue to be treated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY Materials, in accordance with the terms of this Protective Order. The producing party has the burden of proving the subject item contains confidential information of such nature as to justify its designated status.

12. Except as stated herein, by making documents, things, and other information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY available for use in this action, no party or non-party has waived or compromised the confidentiality or protectability of the materials. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall in any way prejudice any claim or defense in this action or any right of a third party.

13. If a producing party realizes it has inadvertently produced a document, thing, or other information that it considers to be CONFIDENTIAL or CONFIDENTIAL –

ATTORNEY'S EYES ONLY without marking it as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," it may contact the receiving party and notify it of such inadvertent production. The inadvertently produced materials will thereafter be treated by the receiving party as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY Materials, and will be subject to the terms of this Protective Order. The producing party promptly thereafter shall produce a marked copy of the document, thing, or other information, and the receiving party shall return or destroy unmarked copies and attempt to retrieve all unmarked copies from any individual who received an unmarked copy. The receiving party shall provide the producing party with evidence of the documents' destruction (if not returned) and shall also provide the producing party with evidence of all attempts made to retrieve any unmarked copies from individuals who received an unmarked copy as well as the outcome. If the receiving party retrieves the unmarked copies from the individuals who received an unmarked copy, the document or documents shall be returned or destroyed as provided herein. A producing party must notify the receiving party in writing of its inadvertent disclosure at least two weeks before the close of fact discovery or the confidentiality of the materials will be waived.

14. Within thirty (30) calendar days after conclusion of this action, whether by settlement, final, non-appealed decision or final, appealed decision, all CONFIDENTIAL and CONFIDENTIAL – ATTORNEY'S EYES ONLY Materials and all documents that reflect such information (except as provided below) shall be (i) delivered to the party that produced such materials or (ii) in lieu of delivery to the producing party, destroyed, in which event counsel shall give written certification of such destruction to counsel for the party producing the CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY Materials. In no event

shall a party retain a copy of CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY Materials produced to it, except that outside counsel may keep one complete set of pleadings and discovery materials containing CONFIDENTIAL and CONFIDENTIAL – ATTORNEY'S EYES ONLY Materials for archival purposes. Furthermore, nothing in this Protective Order requires the return of CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY Materials filed with the Court.

15. Nothing in this Confidentiality Stipulation and Protective Order shall preclude a party from seeking such additional protection as that party may deem appropriate.

16. The failure of a party to exercise any right under this Confidentiality Stipulation and Protective Order shall not be deemed a waiver of any right to the future exercise of the provisions herein with respect to other documents or information.

17. This Stipulated Protective Order shall be binding on all parties and their officers, directors, employees, and other agents to whom Confidential Information is produced or disclosed pursuant to this Stipulated Protective Order.

18. The parties agree to be bound by this Stipulated Protective Order pending its entry by the Court.

19. The Clerk is directed to send a certified copy of this Stipulated Protective Order to all counsel of record.

STIPULATED TO:

_[signature]_

GARY SCHOER, ESQ.
6800 Jericho Turnpike, Suite 108W
Syosset, New York 11791
Tel: 516-496-3500
Fax: 516-496-3530

and

Doreen L. Costa
Lauren Beth Emerson
BAKER BOTTS L.L.P.
30 Rockefeller Plaza, 44th Fl.
New York, New York 10112
Tel: 212-408-2576
Fax: 212-259-2576

*Attorneys for
Plaintiff/CounterclaimDefendant*
Leonard A. Farber, M.D.

ROPES & GRAY LLP

_[signature]_

Susan Progoff
Margaret C. Lu
1211 Avenue of the Americas
New York, NY 10036
Tel: 212-596-9000

*Attorneys for Defendant/Counterclaims Plaintiff,*
Dana-Farber Cancer Institute, Inc.

SO ORDERED: 0 6 MAY 2010

_[signature]_
HON. GEORGE B. DANIELS

## EXHIBIT A

### ACKNOWLEDGEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I hereby acknowledge that I am to receive information and/or documents designated as CONFIDENTIAL, pursuant to the terms of the Stipulated Protective Order ("Order") in Farber v. Dana Farber Cancer Institute, Inc., 09 Civ. 6267 (GBD), which is pending in the United States District Court for the Southern District of New York ("the Court"). I acknowledge receipt of a copy of the Order, and certify that I have read it and that I agree to be bound by the terms and restrictions therein.

I further agree that any information or document designated as confidential pursuant to that Order and which is delivered to me shall be treated as CONFIDENTIAL, will be segregated and kept by me in a safe place (or, when applicable, within the offices of Counsel), and will not be made known to others except in accordance with the terms of the Order. I further understand and agree that any summaries or other documents containing information obtained from CONFIDENTIAL documents or information furnished to me shall also be treated by me as confidential. I further agree to notify any stenographic or clerical personnel or employees who are required to assist me of the terms of the Order. I also agree to dispose of all such CONFIDENTIAL or documents and information and all summaries or other documents containing information therefrom in such manner as I may be instructed after completing my services. I acknowledge that the return or subsequent destruction of such documents and information shall not relieve me from any of the obligations imposed by the Order.

I hereby subject myself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of the Order. I further acknowledge that I understand that I may be subject to sanctions imposed by the Court, including an order of contempt, if I fail to abide by and comply with the Order.

Name:_____      Business Address:_____

Date:_____      _____

Occupation:_____   Telephone:_____

                                  E-mail:_____

24610512.1.DOC

## EXHIBIT B

## ACKNOWLEDGEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I hereby acknowledge that I am to receive information and/or documents designated as CONFIDENTIAL and/or CONFIDENTIAL – ATTORNEY'S EYES ONLY, pursuant to the terms of the Stipulated Protective Order ("Order") in Farber v. Dana Farber Cancer Institute, Inc., 09 Civ. 6267 (GBD), which is pending in the United States District Court for the Southern District of New York ("the Court"). I acknowledge receipt of a copy of the Order, and certify that I have read it and that I agree to be bound by the terms and restrictions therein.

I further agree that any information or document designated as confidential pursuant to that Order and which is delivered to me shall be treated as CONFIDENTIAL and/or CONFIDENTIAL – ATTORNEY'S EYES ONLY, will be segregated and kept by me in a safe place (or, when applicable, within the offices of Counsel), and will not be made known to others except in accordance with the terms of the Order. I further understand and agree that any summaries or other documents containing information obtained from CONFIDENTIAL and/or CONFIDENTIAL – ATTORNEY'S EYES ONLY documents or information furnished to me shall also be treated by me as confidential. I further agree to notify any stenographic or clerical personnel or employees who are required to assist me of the terms of the Order. I also agree to dispose of all such CONFIDENTIAL and/or CONFIDENTIAL – ATTORNEY'S EYES ONLY documents and information and all summaries or other documents containing information therefrom in such manner as I may be instructed after completing my services. I acknowledge that the return or subsequent destruction of such documents and information shall not relieve me from any of the obligations imposed by the Order.

I hereby subject myself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of the Order. I further acknowledge that I understand that I may be subject to sanctions imposed by the Court, including an order of contempt, if I fail to abide by and comply with the Order.

Name:_____

Date:_____

Occupation:_____

Business Address:_____

_____

Telephone:_____

E-mail:_____

24610512_1.DOC